# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-738V
(not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * *<br>THEODORE MARTINEZ *and*<br>SARAH MARTINEZ<br>*as parents and natural guardians of W.M.*,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent.<br>* * * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran<br><br><br><br><br><br>Dated: March 29, 2022 |

*David John Carney,* Green & Schafle LLC, Philadelphia, PA, for Petitioners.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 22, 2016, Theodore and Sarah Martinez, on behalf of their minor daughter, W.M., filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Program").[2] ECF No. 1. Petitioners have alleged that the diphtheria-tetanus-acellular pertussis and rotavirus vaccines administered to W.M. on June 26, 2013, caused her to develop transverse myelitis. The matter went to trial on November 16-17, 2021, and is still pending and undecided.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioners have now filed a motion for an interim award of attorney's fees and costs. Motion, dated March 17, 2022 (ECF No. 99). It is their first fees request in this case. Petitioners request a total of $322,101.83 ($241,984.25 in attorney's fees and $80,117.58 in costs) for the work of their current attorneys, David Carney and Adam Green, at Green & Schafle LLC, and their previous attorney Kate Westad who started at the Larkin Hoffman Law Firm and then moved to a different firm, SiebenCarey, P.A., during the pendency of this matter.[3] ECF No. 99 at 3–4. Work was first performed on the matter by Ms. Westad from May 31, 2016, to April 21, 2020, and Mr. Carney appeared for Petitioners thereafter, representing them to this day.

Respondent reacted to the fees request on March 23, 2022. *See* Response, March 23, 2022 (ECF No. 100). Respondent defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. At my request, Petitioners then filed additional documentation on March 24, 2022, regarding an expert's revised trial invoice. ECF No. 101 at 3. Petitioners did not file a Reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioners' motion, awarding fees and costs in the total amount of **$295,609.33**.

## ANALYSIS

### I. Petitioners' Claim has Reasonable Basis

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or denied entirely. Cases that are unresolved and/or pending must be evaluated for reasonable basis, because the claim's success remains to be determined.

---

[3] Petitioners request $39,506.75 in attorney's fees and $11,407.86 in costs, totaling $50,914.61, for work performed by Ms. Westad at Larkin Hoffman. ECF No. 99 at 4. They also request $11,155.00 in fees and $4,169.09 in costs, totaling $15,324.09, for work performed by Ms. Westad at SiebenCarey. *Id.* The remainder of fees were incurred by attorneys at Green & Schafle, and total $191,322.50 in fees and $64,540.63 in costs, totaling $255,863.13. *Id.* at 3.

A claim's reasonable basis[4] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[5]

I have no trouble herein determining that the claim possesses reasonable basis, since the evidence offered at trial clearly established core objective evidence relevant to the analysis (i.e., fact of vaccination and medical record proof of injury). While the ultimate resolution of causation remains to be determined, Petitioners have put forward more than enough objective support for the claim for a favorable reasonable basis determination. And there are no other grounds for denying a fees award at this time, with the case having been litigated for nearly six years and having gone to trial as well. For those reasons, I will permit an interim award herein. I admonish Petitioners, however, that I will allow *no* fees to be awarded for any future work on this matter (including appellate efforts) until the case is fully concluded, and so I will defer acting on any additional interim requests that Petitioners may decide to advance.

---

[4] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

[5] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

## II.  Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners requests the following rates for their attorneys, based on the years work was performed:

|  | 2016 | 2017 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|
| **David Carney (Attorney)** | -- | -- | $325.00 | $350.00 | $375.00 | $400.00 |
| **Adam Green (Attorney)** | -- | -- | -- | $400.00 | $400.00 | -- |
| **Kate G. Westad[6] (Attorney)** | $350.00 | $350.00 | $350.00 | $350.00 | -- | -- |
| **Paralegal at Green &** | -- | -- | -- | $145.00 | $145.00 | $145.00 |

---

[6] Ms. Westad switched law firms twice during these proceedings, beginning at Larkin Hoffman and then switching to SiebenCarey.

| | | | | | | |
|---|---|---|---|---|---|---|
| **Schafle LLC** | | | | | | |
| **Paralegal at SiebenCarey, P.A.** | -- | -- | $125.00 | $125.00 | -- | -- |
| **Paralegal at Larkin Hoffman Law Firm** | $125.00 | $125.00 | $125.00 | -- | -- | -- |
| **Litigation Paralegal at Larkin Hoffman Law Firm** | $160.00[7] | $160.00 | $160.00 | -- | -- | -- |

ECF No. 99 at 14–28, 79–86, 114–18.

      Ms. Westad (the sole attorney at either Larkin Hoffman or SiebenCarey to work on this matter) practices in Minneapolis, Minnesota - a jurisdiction that has been deemed "in forum." Accordingly, she is entitled to the rates established in *McCulloch*, and thereafter embraced by the Office of Special Masters' fee schedule.[8] *See Dahl by Barth v. Sec'y of Health & Hum. Servs.*, No. 13-98V, 2018 WL 6818741, at *4–6 (Fed. Cl. Spec Mstr. Nov. 30, 2018). However, some minor rate adjustments are required. In previous cases, Ms. Westad's rate of compensation was $325.00 per hour of work performed in 2016 and $350.00 per hour thereafter. *Dahl*, 2018 WL 6818741, at *4–6. But in the instant case, the billing records reflect that Ms. Westad billed 29.8 hours in 2016 at $350.00 per hour. I will therefore reduce the final award of fees by $745.00 to reflect the reduction to $325.00 per hour.[9] She is otherwise entitled to $350 per hour for all subsequent years. *See De Nuto v. Sec'y of Health & Hum. Servs.*, No. 17-104V, 2019 WL 3239464, at *3 (Fed. Cl. Spec. Mstr. June 12, 2019). And the amount of work billed to the matter by Ms. Westad from May

---

[7] There were two litigation paralegals during 2016. Dwight M. Ludvigson charged a rate of $160.00, and Kristina E. Swenson charged a rate of $90.00. ECF No. 99 at 85. Ms. Swenson only worked on the case for two days in 2016 (3.4 hours total). *Id.* at 79.

[8] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

[9] 29.8 hours at an hourly rate of $350.00 is $10,430.00. 29.8 hours at an hourly rate of $325.00 is $9,685.00. Thus, the difference is $745.00.

31, 2016, to April 21, 2020, was reasonably incurred, and shall therefore be awarded without adjustment.

The attorneys at Green & Schafle practice in Philadelphia, Pennsylvania - a jurisdiction that has also been considered in forum - and the rates requested are consistent with what they have received in the past. *See Murschel v. Sec'y of Health & Hum. Servs.,* No. 19-1700V, 2021 WL 5013736, at *1 (Fed. Cl. Spec. Mstr. Sept. 28, 2021); *Morgan v. Sec'y of Health & Hum. Servs.*, No. 19-1105V, 2021 WL 3056271, at *2 (Fed. Cl. Spec. Mstr. June 28, 2021). But although no rate adjustments are warranted herein, the total amount billed to the matter by this second set of attorneys is problematic.

Specifically, I note that in 2021, Mr. Carney spent 181.1 hours on the matter (including the time allotted for the two-day hearing held in November 2021). It is reasonable for attorneys to devote a substantial amount of time preparing for, then appearing at, a hearing—especially when, as here, the case is tried over two days and involves the input of multiple experts. None of the time billed to the matter through the hearing date was inappropriate or excessive.

By contrast, the invoices reveal that between January and March 2022, Mr. Carney spent *188.8 hours* on the matter—more than all time spent on the matter in the prior year, inclusive of the hearing. ECF No. 99 at 28. It appears that most of this time was devoted to drafting a *111-page post hearing brief*, plus an attempt to locate some additional medical records that had significance to the case. Although both tasks were undertaken in response to my directives,[10] they still should not reasonably have required more total attorney time than was devoted for a whole year's work on the case. Nor (while I appreciate Petitioners' reasonable desire to demonstrate their entitlement to compensation) is such a lengthy post-trial brief ever appropriate. I especially find the total amount billed excessive when taking into account the fact that, all told, more than $300,000 in fees and costs have been incurred—a large sum for any case, regardless of its age.

I am empowered to make across-the-board percentage cuts in appropriate circumstances. *Hensley v. Eckerhart*, 461 U.S. at 434 (1983); *Wasson v. Sec'y of Health & Hum. Servs.*, No. 90-208V, 24 Cl. Ct. 482, 484 (1991). Here, because I deem the amount billed to this matter in 2022 excessive and unjustified, I shall reduce fees billed from January 1, 2022, to the present date by **30 percent**, resulting in reduction of $22,656.00.[11] All other time billed by Mr. Carney and his firm, including paralegal time (and at the requested paralegal rates), shall be awarded.

---

[10] The scheduling order after this hearing stated that on or before 11/30/2021, (a) Respondent was to file any additional medical literature referenced by Dr. Moy during the hearing, and (b) the parties were to confirm that records from the Affinity Clinic Urgent Care visit on June 29, 2013, were previously sought but could not be obtained, or file a motion seeking authority to issue a subpoena to obtain those records. *Scheduling Order*, dated Nov. 17, 2021. Additionally, on or before 1/31/2022, the parties were to file simultaneous post-trial briefs summarizing their arguments in this matter. *Id.* They ended up filing their briefs on March 16, 2022.

[11] 30% of $75,520.00 is $22,656.00. Thus, the new total for 2022 is $52,864.00.

6

### III.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $80,117.58 in outstanding costs,[12] including medical literature and medical record retrieval costs, plus costs associated with the work of two experts, Eric Gershwin, M.D., and Justin Willer, M.D. ECF No. 99 at 30–37.

Dr. Gershwin testified at the hearing and authored one expert report, billing $20,875.00 in total at a rate of $500 per hour, with a retainer fee of $3,000.00. ECF No. 99 at 34–35. The total amount incurred for his services was wholly reasonable for the work performed, and I do not find any reason to make any reductions.

Dr. Willer testified at the hearing and authored four expert reports. While Ms. Westad was involved in the matter, he billed $10,730.00 in total at a rate of $500.00 per hour (Larkin Hoffman firm), plus $3,966.50 at the same rate later on (SiebenCarey). Then, after Green & Schafle appeared, he billed an additional $19,500.00, at a rate of $550.00 per hour. ECF Nos. 99 at 37, 85, 117; 101-1 at 3. In total, this equates to $34,196.50. I will make some adjustments of costs attributable to Dr. Willer's work.

Regarding the hourly rate, Dr. Willer in previous Program cases has requested $500.00 per hour. *De Nuto*, 2019 WL 3239464, at *3. Although special masters in the past have reduced this rate due to his lack of experience testifying in the Vaccine Program, Dr. Willer has gained sufficient experience to date to justify the amount. *Compare Moran v. Sec'y of Health & Hum. Servs.*, No. 16-1224V, 2019 WL 4137772, at *3 (Fed. Cl. Spec. Mstr. July 10, 2019) (awarding a rate of $500.00) *with Dahl*, 2018 WL 6818741, at *8 (reducing Dr. Willer's requested rate of $500.00).

---

[12] The Larkin Hoffman Law Firm requests $11,407.86 in costs, SiebenCarey, P.A. requests $4,169.09 in costs, and Green & Schafle LLC requests $64,540.63 in costs. ECF No. 99 at 3–4.

In this case Dr. Willer requests a rate of $500.00 until October 28, 2021, seeking an increase for time devoted to the matter thereafter (which includes the trial time). ECF No. 99 at 30. But I will award Dr. Willer only the rate of $500 per hour for *all* of 2021. It is not generally the practice in the Vaccine Program to permit professionals mid- or partial-year increases. Dr. Willer may well be entitled to a rate increase in coming years, however, and my determination does not mean that I myself would not readily agree to an increase for 2022 and beyond.

There is also the issue of charging a full-day rate for trial work when the amount of time spent on the matter was less than a full day. Petitioners have substantiated this figure in subsequent filings,[13] and I am able to ascertain from this substantiation the correct amount of time spent on the hearing instead of approximations. As such, I will award the amount of time for work incurred, calculated at the correct rate of $500 per hour—which results in a deduction of $2,000 in total.[14] There is also one additional unsubstantiated sum, where SiebenCarey reported $1,091.50 incurred for Dr. Willer's services, but there is no documentation substantiating what was done specifically. This also shall be removed in the total calculation. ECF No. 99 at 118.

All other requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction. Thus, the total cost reduction is by $3,091.50.

---

[13] In the past, Dr. Willer had provided insufficient documentation in his invoices, which resulted in a reduction. *Dahl*, 2018 WL 6818741, at *8. Originally, Dr. Willer's invoice in this case was also insufficient. However, after reaching out to Petitioners' counsel and the filing of a revised trial invoice, Dr. Willer has provided the needed information to explain his work. For example, it appeared that Dr. Willer differentiated "pre-trial preparation" charging a rate of $550.00 with reviewing expert reports and medical records "in preparation for trial" charging a flat fee of $7,000.00. ECF No. 99 at 37. At another point it appeared that he charges a flat fee of $7,000.00 for one hour of work reviewing and editing direct and cross examination questions. *Id.* Since filing the revised trial invoice, he has indicated that he charged $550.00 for each hour of work and has clarified the issues stated above. ECF No. 101-1 at 3. It is recommended that in future cases Dr. Willer take more care in substantiating his time.

[14] 10 hours at an hourly rate of $550.00 (including the $14,000 two-day court appearance) is $19,500.00. The amount of time spent for a two-day court appearance was 25 hours. Combining the 25 hours spent in the hearing and the pre-trial preparation of 10 hours at an hourly rate of $500.00 is $17,500.00. Thus, the difference is $2,000.00.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioners' Motion for and Interim Award of Attorney's Fees and Costs, awarding **$295,609.33,** reflecting $218,583.25 in attorney's fees and $77,026.08 in costs, in the form of a check made jointly payable to Petitioners and their attorney Mr. David Carney, who shall in turn apportion to previous counsel and her firms the fees and costs specific to them.[15]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[16]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[15] Specifically, Petitioners' counsel shall apportion to Ms. Westad $50,169.61 ($38,761.75 in attorney's fees and $11,407.86 in costs) for work done at the Larkin Hoffman Law Firm, and $14,232.59 ($11,155.00 in attorney's fees and $3,077.59 in costs) for work done at SiebenCarey.

[16] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.